

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-23-2003

# USA v. Castro

Precedential or Non-Precedential: Non-Precedential

Docket 01-2540

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Castro" (2003). *2003 Decisions.* Paper 633.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/633

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-2540

_____

UNITED STATES OF AMERICA

v.

PABLO ANDRES CASTRO

Pablo Castro,
                              Appellant

_____

Appeal from the United States District Court
For the District of New Jersey
D.C. No.: 00-CR-546
District Judge: Honorable Joseph A. Greenaway

_____

Submitted Under Third Circuit LAR 34.1(a) April 10, 2003

Before: BARRY and ROSENN, Circuit Judges, and POLLAK,[*] District Judge.

(Filed: April 23, 2003)

OPINION OF THE COURT

_____

ROSENN, Circuit Judge.

    This appeal challenges the sentence of the defendant who pled guilty to kidnaping.

_____

*Honorable Louis H. Pollak, United States District Court for the Eastern District of
Pennsylvania, Sitting by Designation

In August, 2000, the defendant and two others, Luis Carlos Balanta and Cesar Agusto Cardona, were charged in a two-count indictment with conspiracy to commit kidnaping and with kidnaping in violation of 18 U.S.C. § 1201(a)(1) and (c). On October 12, 2000, the defendant pled guilty to the conspiracy count pursuant to a written plea agreement. As part of the agreement, he agreed to stipulate at sentencing as follows: "Because a dangerous weapon was used during the course of the kidnaping, [S]pecific Offense Characteristic § 2A4.1(b)(3) applies. This Specific Offense Characteristic results in an increase of 2 levels." At sentencing, the defendant argued that the two-level enhancement for use of a dangerous weapon was inappropriate and should not be applied to him.

The District Court specifically found that the defendant had not reserved his right to challenge the stipulation at the time of his sentence. The weapons enhancement was accordingly included in Castro's sentence. Castro now brings a direct appeal[1] challenging inter alia the sentence enhancement and claims his counsel was ineffective . We affirm.

I.

Defendant Castro conspired with three other men – Balanta, Cardona, and Jason Montoya – to kidnap a drug dealer named Nelson Rondon to recoup money Rondon owed Balanta. On July 18, 2000, Castro and his co-conspirators drove from Queens, New York to Elizabeth, New Jersey to kidnap Rondon. During the ride, Castro told his co-conspirators

---

[1]The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. The judgment was a final order for the purposes of 28 U.S.C. § 1291 and defendant had a right to appeal under 18 U.S.C. § 3742(a).

about two weapons they were going to use to intimidate Rondon. At approximately 7:00 a.m., Castro and Montoya forcibly abducted Rondon in front of his house in Elizabeth. Rondon stated that he was hit twice with a gun during the abduction, once in the back of the head and once in the lower back. Castro and his partners in crime held Rondon captive for several days and took him across state lines on several occasions.

On July 21, 2000, the conspirators returned to Elizabeth in a Dodge Caravan with Rondon in the back seat. A brown bag that contained a large frame automatic weapon and a .38 caliber rifle were also in the minivan. The conspirators were arrested as they waited for the ransom money to be delivered. After receiving his Miranda warnings, Castro confessed to the kidnaping and said two of his co-conspirators carried weapons in furtherance of the kidnaping.

Castro now contends that he was not aware of any weapons that were used to abduct Rondon until July 21. Castro may not now renege on the stipulations that were part and parcel of his plea agreement. Castro also argues that the enhancement is improper because he never personally possessed, used, or displayed a gun against Rondon. However, his personal use of a gun is irrelevant because the government could prove that Castro's co-conspirators possessed a gun in connection with the offense and Castro was aware of it. All that is required for a sentence enhancement is that a dangerous weapon be used and that its uses be reasonably foreseeable acts or activities. See U.S.S.G. §§ 1B1.3(a)(1)(B), 2A4.1(b)(3).

Even without Castro's stipulation, the District Court's conclusion that a gun was

3

used was not clearly erroneous. See United States v. Veksler, 62 F.3d 544, 550 (3d Cir. 1995). In addition to Castro's stipulation, there was sufficient evidence for the District Court to conclude that a gun was used. The Probation Office concluded that Castro had used a dangerous weapon during the commission of a kidnaping. Thus, it recommended a two-level upward adjustment. U.S.S.G. § 2A4.1(b)(3). Castro now contends that he was unaware of any weapons that were used to abduct Rondon.  En route to Rondon's residence, Castro told Cardona about the two weapons they were going to use to intimidate Rondon. Furthermore, Rondon stated that he was hit in the back of the neck and the lower back with guns. Castro admitted he was present at the abduction on July 18. Thus, it is not plausible that Castro was unaware of any weapons until July 21.

A two-level increase is appropriate if a dangerous weapon is used. See U.S.S.G. § 2A4.1(b)(3). "Used" means "discharged or otherwise used." See United States v. Gaytan, 74 F.3d 545, 559 (5th Cir. 1996), cert. denied, 117 S. Ct. 77 (1996). "Otherwise used" means that the conduct "did not amount to the discharge of a firearm but was more than brandishing, displaying, or possessing a firearm or other dangerous weapon." Id. (citing U.S.S.G. § 1B1.1, comment n.1(f)).  Castro implausibly argues that the guns were not "otherwise used." This argument is without merit. Rondon stated that he was hit with the guns. Striking a victim with a gun is more than brandishing, displaying, or possessing a firearm.

## II.

Castro's claim of ineffective assistance of counsel was not raised below or decided

4

by the District Court. Generally, a claim for ineffective assistance of counsel may not be raised on direct appeal.[2] Here, the factual record is not well enough established to resolve this question on direct appeal. Therefore, we decline to entertain this aspect of Castro's appeal. See United States v. Haywood,155 F.3d 674, 678 (3d Cir. 1998).

## III.

The District Court's judgment of conviction and sentence of May 18, 2001, is hereby affirmed.

---

[2]There is a narrow exception to the rule that defendants cannot attack the effectiveness of counsel on direct appeal where the record is sufficient to allow a determination by the Court of Appeals. See United States v. Headley, 923 F.2d 1079, 1083 (3d Cir. 1991). However, this exception does not apply to Castro's claim.

TO THE CLERK:

Please file the foregoing opinion.

                                                  /s/Max Rosenn

                                                        Circuit Judge